**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Pedro VASQUEZ, Appellee.**

No. 7272.

Court of Civil Appeals of Texas.

Amarillo.

June 10, 1963.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Byrd, Davis & Eisenberg, Austin, for appellee.

CHAPMAN, Justice.

This is an appeal by Texas Employers' Insurance Association from a judgment for Pedro Vasquez based upon a jury verdict awarding workman's compensation benefits for injuries sustained while working in the course of employment for E. M. Bailey Contractor, Ltd.

Dr. Dennison, an orthopedic surgeon had started treating appellee on February 25, 1961, for an injury to his right shoulder received in the course of his employment. Response to physical therapy having not been satisfactory, the Doctor by surgical procedure on May 9, 1961, discovered "an avulsive tear from the lateral insertion of the shoulder capsule into the humerus." The upper portion of the deltoid muscle was cut loose from the bone to which it was attached. Part of the bone was then removed and the muscle sewed back to the remaining portion of the bone. Following this surgical procedure infection occurred which caused the deltoid muscle to detach itself from the bone. The infection continued to drain and on October 2, 1961, a second operation was performed. The last drainage occurred on January 20, 1962.

Appellee's claim for compensation was set before the Board for hearing on March 6, 1962. The Board's final award was handed down on March 19, 1962.

Also on March 19, 1962, Dr. Dennison told appellee he needed another operation, the first time he had been told that the muscle could be re-attached or that he needed another operation. Appellee refused the third operation "because I don't understand too much about it" and because "I asked him if I was going to be better and he told me I might be worse."

Though appellant agreed to pay for the third operation, while appellee's claim was pending before the Industrial Accident Board it did not admit liability, tender surgery, make any demand therefor, or request the Board to take any action toward surgery.

Before the selection of the jury appellee by a Motion In Limine requested the court to deny any effort on appellant's part to the use of pleadings, testimony, remarks, questions or arguments which would indicate appellee had refused to submit to an operation or that an operation might benefit or cure him, since appellant had not complied with Section 12e of Article 8306, Vernon's Ann.Tex.Civ.St. The trial court granted the motion, and the various points of error urged go generally to such action and ruling, the insurer contending the re-attachment of the deltoid muscle was only a continuation of interrupted surgery.

In a malpractice case the Seventh Circuit has held that an operation " * * * begins when the opening is made into the body and ends when this opening has been closed * * *." Harris v. Fall, 7 Cir., 177 F. 79, 27 L.R.A.,N.S., 1174. The first surgical procedure followed would certainly have constituted a surgical operation under such holding. Additionally, throughout the record, by testimony of Dr. Dennison, questions by counsel and in appellant's Bill of Exception, the re-attachment of the deltoid muscle was repeatedly referred to as "an operation" or "surgery."

It was stipulated into the record that the insurer never admitted liability in the case.

In one of the most recent pronouncements of our Supreme Court [1] on the steps that must be complied with in order for the insurer to offer testimony such as we are here considering, that court said:

"It will be helpful, in considering the facts set out below, to keep in mind the steps set out in Quinn to enable the insurer to get in this testimony:

1. The insurer must admit liability;

2. It must tender an operation while the claim is pending before the Board;

3. If the employee refuses the operation, the insurer must make a demand to the Board to require the examination; and

4. The insurer must show the examination was had and the action of the Board thereon."

Justice Greenhill in speaking for the court in Courtney also held:

" * * * the insurer would have to admit unequivocally the substance of the following: a compensable injury to the employee in the scope of employment; liability for the injury for which a surgical operation would or should prove beneficial to the employee; liability for the cost of the operation, including doctors, hospital, medical, and convalescent care as prescribed by the statute and the Board; and liability for the consequences of the operation, within the provisions of the workmen's compensation act. * * *"

The insurer did not comply with these steps in the instant case.

 The workmen's compensation act is in derogation of the common law so the

---

1. Hardware Mutual Casualty Co. v. Courtney, Tex., 363 S.W.2d 427.

rights and obligations of the parties in a suit brought thereunder are entirely controlled by the statute except in respect to those matters of form and procedure that are not described. Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521. The procedure for demanding that a surgical operation be had upon the employee is provided for in Section 12e of Article 8306, Vernon's Ann.Tex.Civ.St. In interpreting the statute just cited numerous cases by our Supreme Court have held that where such demand and admission of liability is not made before the final award of the Board, then medical evidence of beneficial effects is not admissible. Hardware Mutual Casualty Co. v. Courtney, supra; Truck Insurance Exchange v. Seelbach, supra; Texas Employers' Insurance Ass'n v. Shelton, 161 Tex. 259, 339 S.W.2d 519.

It is patent from what we have said that we do not believe such requirements were complied with in the instant case. Accordingly, all points are overruled and the judgment of the trial court is affirmed.